Dear Mr. Speed:
You have requested an opinion from this office concerning the appropriateness of assessing a student fee. Specifically, you have asked whether the St. Helena Parish School Board can legally charge students at St. Helena Parish Central High School a yearly fee of $5.00 per student to defray the costs of paper and administrative supplies.
Your opinion request states in part that you do not believe such a fee is authorized by state law, citing La. Const. Art. 8, § 13 as support. The Louisiana Constitution requires the legislature to "provide for" the education of people in this state. La. Const. Art. 8, § 1. Additionally, the Constitution states that, "The legislature shall appropriate funds to supply free school books and other material of instruction prescribed by the State Board of Elementary and Secondary Education to the children of this state at the elementary and secondary levels." (Emphasis supplied). La. Const. Art. 8, § 13; see also LSA-R.S. 17:7(4). While it is possible to interpret the phrase "material of instruction" as including such "material" as paper and administrative supplies, LSA-R.S. 17:351 and 352 make it clear that it should be interpreted to mean school books, films, booklets and "other similar audio-visual devices" whose content must be reviewed prior to being "prescribed" by the State Board. See also Attorney General Opinion No. 90-120.
Public school students may be charged a number of different fees. Certain fees are statutorily authorized. See e.g. LSA-R.S. 17:192(B) concerning breakfasts; LSA-R.S. 17:195
concerning lunches; LSA-R.S. 17:221.1 concerning drivers education. Certain fees have been found to have been permissible under LSA-R.S. 17:81, a statute describing the general powers of local school boards. See e.g. Attorney General Opinion No. 92-449 concerning methods to obtain payment of unpaid fees; Attorney General Opinion No. 81-1213 concerning transportation fee for extracurricular activities.
Turning to your particular question, no statute specifically authorizes a student fee for paper and administrative supplies. On the other hand, no statute specifically forbids such a fee. See e.g. LSA-R.S. 17:158
concerning transportation, and statutes cited above concerning textbooks and materials of instruction.
A local school board is authorized to "make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper." LSA-R.S. 17:81(C). A local school board under this statute has the authority to charge the fee at issue.
This office is cognizant of both the fiscal constraints local boards experience and the increasing demand for new school services that underlie the need for fees. On the other hand, this office expresses concern over this trend, especially when certain services may be denied students unable to pay fees and when a student's report card and records may be held for nonpayment. Attorney General Opinion No. 92-449.
Consequently, when fees are charged under LSA-R.S. 17:81, this office would recommend that: 1) alternatives to such a charge be discussed; 2) fees be assessed only as a last resort; 3) the fee charged be the least reasonably necessary; 4) the fee be assessed all schools/students similarly situated; and 5) the local board consider waiving the fee requirement for good cause.
In sum, the St. Helena Parish School Board may charge all students similarly situated an annual fee of $5.00 to defray the costs of paper and administrative supplies.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:cdw